# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LORENZO GERALD FEREBEE, JR., | ) ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00254 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | By: Hon. Pamela Meade Sargent |
| KAREN STAPLETON, et al., | ) | United States Magistrate Judge |
| Defendants. | ) | |

Plaintiff, Lorenzo Gerald Ferebee, Jr., ("Ferebee"), is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Wallens Ridge State Prison, ("Wallens Ridge"). Ferebee has filed this civil rights action pursuant to 42 U.S.C. § 1983, against VDOC employees Karen Stapleton, Jeff Kiser, Amee Duncan, Larry A. Mullins, J. G. Lyall, E. A. Miller and S. M. Sifford, alleging that his constitutional rights were violated when he was housed at Red Onion State Prison, ("Red Onion"), by certain institutional disciplinary charges, hearings and appeals and confinement in segregation housing. This case is before the court on the defendants' Motion To Dismiss, (Docket Item No. 18) ("Defendants' Motion"), and the plaintiff's Motion For Summary Judgment, (Docket Item No. 21) ("Plaintiff's Motion).

## *I. Facts*

In his Amended Complaint, (Docket Item No. 14), Ferebee alleged that on August 5, 2017, he was an inmate housed at Red Onion when he was placed in administrative segregation and charged with violating institutional disciplinary code 137B for indecent exposure. Ferebee alleged that defendant S. M. Sifford,

("Sifford"), reported that she saw him through the door window standing completely nude in the offenders' bathroom near his work station in the prison's kitchen. Ferebee said that, later that evening, T. Dutton served him with a Disciplinary Offense Report for the indecent exposure charge generated by defendant E. A. Miller, (Exhibit A to Complaint, Docket Item No. 1-1 at 1-3), and advised him of his rights. The Disciplinary Offense Report notes that Ferebee requested a staff or offender advisor to assist him at his hearing, to call witnesses and to obtain documentary evidence. (Docket Item No. 1-1 at 1.) Ferebee did not waive his right to 24 hours of preparation time prior to his disciplinary hearing, and he stated that he wanted to appear at his hearing. (Docket Item No. 1-1 at 1.) A Penalty Offer of loss of 45 hours of pay was made to Ferebee, but Ferebee rejected the offer. (Docket Item No. 1-1 at 2.)

Ferebee alleged that his disciplinary hearing on this charge was conducted on August 15, 2017 by defendant Larry A. Mullins. The Disciplinary Offense Report shows that Ferebee entered a plea of not guilty, but Mullins found him guilty of the charge and imposed a $15 fine. (Docket Item No. 1-1 at 3.) In the Reason for Decision section of the Disciplinary Offense Report, Mullins wrote:

> Food Service Supervisor Sifford and Food Service Supervisor McClain both witnessed L. Ferebee … in the inmate bathroom in kitchen visible through the window completely naked. L. Ferebee testified that he was just using the bathroom. L. Ferebee gave no reasonable explanation of why he was naked in the kitcher bathroom, guilty decision rendered.

(Docket Item No. 1-1 at 3.) Ferebee alleged that Mullins denied his request for documentary evidence at this hearing by refusing to accept his forms requesting documentary evidence. Ferebee alleged that defendant Amee Duncan upheld

Mullins's finding of guilty and the penalty imposed on August 16, 2017. (Docket Item No. 1-1 at 3.) On appeal, Ferebee alleged, defendant Warden Jeff Kiser decided that the charge against him should be reheard, and he expunged the original hearing decision from Ferebee's record. Ferebee attached a copy of Kiser's decision to his Complaint. (Docket Item No. 1-1 at 12.) Ferebee stated that he then notified defendant Offender Discipline Manager Karen Stapleton of "his disciplinary offense process," and she responded that the Facility Unit Head had ordered the charge to be reheard. Ferebee attached copies of his letter and Stapleton's response to his Complaint. (Docket Item No. 1-1 at 13-16, 17.)

Ferebee alleged that defendant J. G. Lyall reissued the disciplinary offense charge against him on September 8, 2017. Ferebee attached a copy of this Disciplinary Offense Report to his Complaint. (Docket Item No. 1-1 at 18-20.) Ferebee alleged that Rose served this Displinary Offense Report on him on September 8, 2017, and advised him of his rights. The Disciplinary Offense Report shows that Ferebee, again, requested a staff or offender advisor to assist him at his hearing, to call witnesses, to obtain documentary evidence and to be present at his hearing, and he did not waive his right to 24 hours of preparation time prior to his disciplinary hearing. (Docket Item No. 1-1 at 18.)

Ferebee alleged that Mullins heard this reissued charge on September 15, 2017. Ferebee said that he pleaded not guilty, but Mullins stated on the Disciplinary Offense Report form that he pleaded guilty. (Docket Item No. 1-1 at 20.) Under Decision Of The Hearings Officer, Mullins checked the "Guilty" box. (Docket Item No. 1-1 at 20.) In the Reason for Decision section of the Disciplinary Offense Report, Mullins wrote:

-3-

> … Sifford and … McClain both witnessed L. Ferebee … in the bathroom near the A-B serving line. L. Ferebee had no shirt on and was seen to be totally unclothed standing looking toward the two staff members. L. Ferebee admitted that he did have his shirt off and denied that he intentionally exposed himself saying that it was accidental observation. L. Ferebee in his testimony also stated that they had a window in the bathroom that they could not cover and that when he stood up "she's looking at me." I also determined that the offender was not in the window as in being close against the glass but that he was seen through the window. This was confirmed by the offender saying that he noticed that he was being "looked at." If L. Ferebee could see staff then staff could see and identify what L. Ferebee was doing that is to say he was standing up without being covered by clothing. L. Ferebee was stripped down in a way that was not necessary for any bodily function normally connected with using the bathroom and I see his exposure not as being incidental but intentional on his part with the intent to be seen, guilty decision rendered.

(Docket Item No. 1-1 at 20.) Mullins again imposed a $15 fine.

Ferebee alleged that defendant Amee Duncan upheld Mullins's finding of guilty and penalty imposed on September 20, 2017. (Docket Item No. 1-1 at 20.) On October 6, 2017, Ferebee alleged, defendant Warden Jeff Kiser denied his appeal because the record reflected that he had admitted guilt and entered a plea of guilty. Ferebee attached a copy of Kiser's decision to his Complaint. (Docket Item No. 1-1 at 33.) Ferebee stated that he appealed Kiser's decision to Stapleton, who rejected his appeal on November 7, 2017, because it was not on the proper form. Stapleton enclosed a copy of the proper Disciplinary Appeal form and told Ferebee to resubmit his appeal. Ferebee attached copies of his appeal and Stapleton's response to his Complaint. (Docket Item No. 1-1 at 34-41, 42.) Stapleton's response stated, "**Loose leaf or notebook paper will not be accepted.**" (Docket Item No. 1-1 at 42.)

Ferebee alleged that Stapleton retaliated against him on December 21, 2017, by rejecting his resubmitted appeal because he had attached loose leaf notebook paper to his Disciplinary Appeal. Ferebee attached copies of his Disciplinary Appeal form and the attached loose leaf pages and Stapleton's response to his Complaint. (Docket Item No. 1-1 at 43-46, 47.)

Ferebee alleged that Sifford violated his due process and equal protection rights by "writing plaintiff an institutional disciplinary offense because she was peering at plaintiff while plaintiff was at work using Red Onion State Prison kitchen bathroom." (Amended Complaint at 11.) He also alleged that Sifford's actions violated VDOC OP 861.1 IX(A)(1) and OP 038.3 III for voyeurism by a staff member. Ferebee alleged that Miller violated his due process and equal protection rights by authorizing his prehearing detention and issuing the Disciplinary Offense Report against him in violation of VDOC OP 861.1X(A)(2) and 6(a)(i). Ferebee alleged that Mullins violated his due process and equal protection rights by not processing his request for documentary evidence, incorrectly stating that Ferebee had pleaded guilty and by finding him guilty and imposing a $15 fine in violation of VDOC OP 861.1 IV(4)(1)(b-d)(i-ii and iv-v), X(B)(4), XIV(A)(2), XV(c)(5)-(6), (13(a-b)-14). Ferebee alleged that Duncan violated his due process and equal protection rights by approving Mullins's finding of guilt and imposition of $15 fine in violation of VDOC OP 861.1 XVI (A-C). Ferebee alleged that Kiser violated his due process and equal protection rights by denying Ferebee's appeal of his disciplinary offense conviction in violation of VDOC OP 861.1 XVIII(A) and (B)(1-3). Ferebee alleged Lyall violated his due process and equal protection rights by reissuing the Disciplinary Offense Report against Ferebee in violation of VDOC OP 861.1 X(A)(1 and 6(a)(i)). Ferebee alleged that Stapleton retaliated against him and violated his due process and equal protection rights by denying his Level II appeal

of his disciplinary offense conviction in violation of 42 U.S.C. § 1997(d) and VDOC OP 861.1 XVIII(F)(3)(a). Ferebee's Amended Complaint seeks declaratory and injunctive relief and compensatory, punitive, "special," "treble" and nominal damages.

In an Affidavit attached to Plaintiff's Motion, (Docket Item No. 21-1) ("Ferebee Affidavit"), Ferebee stated that he was at the Red Onion kitchen kiosk on August 5, 2017, when he was removed from the kitchen and escorted to his cell by Officers Gibson and Deel, who stated he was a "sex offender" because he liked to do perverted things toward females in the kitchen bathroom. Ferebee stated that he informed the officers that all he had done in the kitchen bathroom was take off his one-piece prison jumpsuit so he could use the bathroom. Ferebee said he was taken to his cell in A Building, A-508, to pack up his property to be placed in administrative segregation. Ferebee stated that Miller filed a Disciplinary Offense Report against him later that day, charging him with violating Offense Code 137B for indecent exposure.

Ferebee stated that, as a known gang member, he was "obligated" to send the Disciplinary Offense Report filed against him to "my Hood and Homie(s)" because he was a "Big Homie and O.G./Original Gangster." Ferebee further stated:

> … Upon the investigation by my Hood and Homie(s), I was ordered to fall-back until the outcome of this 137(b) institutional charge was overturn[ed] and dismissed, because <u>"No Blood"</u> can be <u>"Blood"</u> and a Big Homie with any <u>"Sex Offender"</u> street or institutional charge(s) because [it's] against "Blood(s)" for brotherly love to override oppression and destruction, and I'm committing institutional charge(s) as a Big Homie knowing these are "Sex Offender(s) Charges"

and it will give the Lil Homie a false impression of thinking that [that's] alright to do when Big Homie(s) are doing it.

… So out of respect for my Hood and Homie(s) and my obligations as a Big Homie, I … kept fighting these accusation(s) amongst the prison population by sending kite(s)/letter(s) to my homie(s) and amongst other "Blood(s)" in different hood(s)-n-nation(s) that know my character-n-reputation because this is not my … Method of Operation because I be fighting and seriously hurting these group(s) of inmate offenders(s) who are "Sex Offender(s)", and I also "Extort" them as well because [it's] against who I am as a Man and what I believe in as a "Blood" and Big Homie.

(Ferebee Affidavit at 3-4) (emphasis in original).

Ferebee stated that, while he was held in segregation prior to his August 15, 2017, disciplinary offense hearing, he was confused and stressed out because he knew he was being set up and lied on. Ferebee said that, at his August 15, 2017, hearing, Mullins refused his documentary evidence request for his institutional history report to be submitted into evidence. Ferebee said that he wanted to show that he had been incarcerated since October 26, 2005, and had never been charged with any type of sex offense on the street or in the VDOC. Ferebee said that his August 5, 2017, Offense Code 137B charge was his first and only sex offense charge in his life.

Ferebee stated that, after being advised of his rights, he pleaded not guilty at his August 15, 2017, disciplinary hearing before Mullins. He said that Mullins found him guilty of the offense and imposed a $15 fine. Ferebee said that Duncan approved Mullins finding of guilt and $15 fine "without her determining if proper procedure(s) were followed." Ferebee said that he appealed his conviction to Warden Kiser, who decided his conviction would be expunged, and the charge would be heard again.

Ferebee said that Lyall reauthorized the issuance of an Offense Code 137B charge against him for indecent exposure. Ferebee stated that he did not plead guilty at his September 15, 2017, hearing before Mullins on this charge. Ferebee said that Mullins violated VDOC OP 861.1 XV(C)(13)(c) by not stating on the record that Ferebee was pleading guilty so Ferebee could contest that statement. Instead, Ferebee said, Mullins stated on the record that he found Ferebee guilty of the charge and imposed a $15 fine.

Ferebee said that he appealed Mullins's decision, and Duncan, again, approved the decision and fine without determining if the proper procedures were followed. Ferebee said that he appealed this decision to Warden Kiser. He said that Warden Kiser upheld the decision because Ferebee had pleaded guilty to the charge, and there were not any serious procedural errors. Ferebee said that, when he appealed Warden Kiser's decision to Stapleton, Stapleton responded by stating that loose leaf or notebook paper would not be accepted and instructing him to resubmit his appeal. Ferebee stated that he then completed a Disciplinary Appeal form and attached pages two through four of his appeal on plain white paper because he thought "loose leaf paper" was paper with lines on it. He said that the Disciplinary Appeal form did not provide enough space to address all of his issues on appeal. Ferebee said that Stapleton upheld his disciplinary offense conviction because he did not follow her instruction to not submit his appeal on loose leaf or notebook paper. Despite earlier stating that he had used the "attached form" to resubmit his appeal, Ferebee also stated that Stapleton never provided him with any form or instructions on the correct way to file his Level II appeal. Ferebee stated that Stapleton upheld his conviction in retaliation for his challenging the acts of the other defendants in violating VDOC policy.

Ferebee stated that the defendants in their "Offical Capacity" deprived him of his due process and equal protection rights. Ferebee, again, stated that the defendants in their "Official Capacity" violated his rights under the First and Fourteenth Amendments by violating VDOC OP 861.1 and OP 038.3. Ferebee stated that, as a result of receiving this disciplinary offense charge and conviction, he was moved from the general population A-5 Positive Behavior Unit pod to segregation and lost the privileges he had in the A-5 pod, including his job working in the Red Onion kitchen for 35 cents an hour, unlimited access to a microwave, telephones and kiosks, seven hours of pod recreation, the ability to purchase food, hygiene and other items from the commissary and communication with other offenders. Ferebee stated that he was not moved until September 6, 2017, after spending 33 days in segregation housing.

The remainder of Ferebee's Affidavit contains legal arguments and seeks injunctive relief dismissing his disciplinary code conviction.

Attached to Ferebee's Affidavit are a number of unrelated documents, including an unrelated Disciplinary Offense Report from 2014, unrelated Offender Request, Regular Grievance and Institutional Classification forms and unrelated Operating Procedures.

## II. Analysis

The defendants have moved for dismissal of Ferebee's claims against them for failing to state claims upon which relief may be granted. In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs.,*

*Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Furthermore, the allegations in a pro se complaint should be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nevertheless, the complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976).

The defendants argue that Ferebee's claims against them in their official capacities for monetary damages should be dismissed. The defendants also argue that Mullins, Duncan, Kiser and Stapleton are absolutely immune from liability on Ferebee's claims based on their decisions on his disciplinary charges. The defendants further argue that Ferebee's due process, equal protection and retaliation claims must be dismissed for failing to state viable claims. Taking the facts as alleged in the Amended Complaint as true, and liberally construing them, I find that Ferebee has failed to state a claim for violation of his due process or equal protection rights against any defendant. I also find that Ferebee has failed to state a claim for retaliation against Stapleton.

Prisoners may not be deprived of life, liberty or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, the Due Process Clause applies only when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972). Ferebee's Amended Complaint alleged that the defendants' actions in charging and convicting him of the indecent exposure charge and upholding this

conviction on appeal violated his due process rights. The mere fact that a plaintiff alleged that an act "violated his due process rights" without further factual detail is not legally sufficient to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555 ("A pleading that offers 'labels and conclusions … will not do")). Unfortunately for Ferebee, that is precisely what he has done in this case – simply inserted the allegation that the defendants' actions "violated his due process rights" without providing any supporting factual detail or evidence. Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe pro se complaints liberally "does not require … courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers").

To provide constitutionally sufficient procedural due process, a inmate disciplinary proceeding must provide the following: (1) advance written notice of a claimed violation at least 24 hours before any disciplinary hearing; (2) the ability of the prisoner to call witnesses and present documentary evidence at the disciplinary hearing; and (3) a written statement of the evidence relied upon by the factfinder and the reasons for the disciplinary action taken. *See Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016) (citing *Wolff*, 418 U.S. at 563-66). To provide constitutionally sufficient substantive due process, a disciplinary offense finding must be "supported by some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Prison disciplinary proceedings are not criminal prosecutions, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply."

*Wolff*, 418 U.S. at 556. Courts have held that small monetary penalties and penalties that do not impose restraint do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life and are not constitutionally protected interests under the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Bratcher v. Mathena*, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) (finding $12 fine did not pose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life). Further, prisoners may not bring suit under § 1983 for relief that, if granted, would imply the invalidity of the prisoner's disciplinary offense conviction, unless the conviction has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997); *see also Thompson v. Clarke*, 2018 WL 4764294, at *4 (W.D. Va. Sept. 30, 2018). Also, the fact the Ferebee alleged that defendants' actions violated various VDOC operating procedures is not sufficient to state a due process violation. *See Taylor v. Fleming*, 2017 WL 4294113, at *4 (W.D. Va. Sept. 27, 2017) (state officials' failure to abide by state procedural regulations is not a federal due process issue and is not actionable under § 1983) (citing *Riccio v. City of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)).

Here, Ferebee has not alleged that his conviction on the Disciplinary Offense Code 137B charge for indecent exposure has been set aside. In fact, Ferebee's Amended Complaint alleged that he was convicted of this charge and that his conviction was upheld on appeal, and he provided documentary proof of this. Furthermore, Ferebee's Amended Complaint alleged, and the documentary proof provided by Ferebee shows, that the only penalty imposed upon Ferebee was a $15 fine. While he claims that the charge resulted in his removal from the honor pod, Ferebee has not alleged that this change in his conditions of incarceration was

atypical or significant in comparison to the ordinary incidents of prison life or resulted in any loss of good time credit. Furthermore, the documents provided by Ferebee show that the charge against him was "supported by some evidence in the record." Based on the above, I find that Ferebee's Amended Complaint fails to state a due process claim against any of the defendants based on his disciplinary offense conviction.

I also find that Ferebee's Amended Complaint fails to state a claim for violation of his equal protection rights against any defendant. To adequately plead a claim for violation of his rights under the Equal Protection Clause of the 14th Amendment, a prisoner must allege that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Mere conclusory allegations of discrimination are insufficient. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (court will not look behind the determinations of prison officials on mere accusations that they are racially motivated). The prisoner must allege facts establishing that a discriminatory purpose was a motivating factor in the challenged act. *See Vill. of Arlington Heights v. Metro. Housing Dev. Corp.* 429 U.S. 252, 266 (1977). Ferebee's Amended Complaint contains no such allegations of discrimination. To the contrary, the Amended Complaint states only that the defendants' actions violated Ferebee's equal protections rights. It does not contain any allegations explaining how the defendants' actions violated his equal protection rights. Nor does it contain any allegation of any discriminatory purpose or motivating factor.

I further find that Ferebee's Amended Complaint fails to state a claim of retaliation against defendant Stapleton. Claims of retaliation by inmates are

generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir.1994). To succeed on a retaliation claim under § 1983, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams,* 40 F.3d at 75. Ferebee's Amended Complaint contains no such allegation. Ferebee's Amended Complaint states only that Stapleton "retaliated" against him by rejecting his appeal of his disciplinary offense conviction. Such a bald conclusion is not legally sufficient to state a claim.

Based on my finding that Ferebee's Amended Complaint does not state a claim upon which relief may be granted, I do not address the defendants' additional arguments.

An appropriate Order and Judgment will be entered.

**ENTERED:** This 9th day of March, 2020.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE